UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDDIE RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Civil Action No.<br>20-679 (MAS) (ZNQ)<br><br>**ORDER APPOINTING PRO BONO COUNSEL** |

This matter comes before the Court upon pro se Plaintiff Freddie Richardson's ("Plaintiff") Motion for Pro Bono Counsel (the "Motion"). (ECF No. 6.) Plaintiff's Motion is unopposed. For the reasons stated below, Plaintiff's request is granted.

Plaintiff filed this action on January 21, 2020 (*see generally* Compl., ECF No. 1), and was granted the ability to proceed *in forma pauperis* on February 28, 2020, (February 28, 2020 Order, ECF No. 4). This action stems from events that allegedly occurred during Plaintiff's confinement at the Northern State Prison in Newark, New Jersey under the custody of the New Jersey Department of Corrections ("NJDOC"). Plaintiff alleges violations of his rights under the Americans with Disabilities Act, the United States Constitution, 42 U.S.C. § 1983, and the New Jersey Law Against Discrimination by NJDOC, various officers of NJDOC, Rutgers University—University Correctional Health Care ("UCHC"), and Nurse Roe and Dr. Sandra Connolly, both employees of UCHC, (collectively, "Defendants"). (Compl. at 2-3, 5-8.) Plaintiff has also filed a personal injury claim against Defendants. (*Id.* at 8.) Plaintiff alleges that Defendants mistreated him by placing him in the general prison population rather than a medical facility as recommended by the Judge, denying Plaintiff a continuation of his pain management, refusing to obtain

Plaintiff's medical records or otherwise diagnose or treat him for an extended period of time, failing to provide reasonable accommodations for his disabilities, and generally ignoring his disabilities and serious medical conditions. (*Id.* at 3-5.) In his application, Plaintiff explains that he seeks pro bono counsel because he is a sick, elderly man in need of assistance with his claims. (Mot. at 3.)

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he [C]ourt may request an attorney to represent any person unable to afford counsel." "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel, and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993). In considering a plaintiff's ability to handle his own case, "[c]ourts generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Id.*

In assessing the legal merits of Plaintiff's claims, the Court has determined that some of Plaintiff's claims have arguable merit. The Court has limited information as to Plaintiff's education level and no information as to Plaintiff's prior litigation experience, but it is clear from his relatively well-composed filings that he is literate and somewhat capable of articulating his case. (*See generally* Compl.; *see also* Mot.) However, the issues are complex, (*see generally* Compl.), and it appears that expert witnesses will be required to discuss Plaintiff's medical issues. *See Farmer v. Lanigan*, No. 12-5716, 2015 WL 3448081, at *3 (D.N.J. May 28, 2015).

The Third Circuit has outlined several other factors to serve as guideposts once the Court "determines that the plaintiff's claim has some merit." *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997). Those factors are:

> (1) the plaintiff's ability to present his or her own case;

    (2) the complexity of the legal issues;

    (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

    (4) the amount a case is likely to turn on credibility determinations;

    (5) whether the case will require the testimony of expert witnesses;

    (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Id.*

On balance, the Court finds the factors weigh in favor of appointing pro bono counsel. The case is not likely to turn on credibility determinations, and Plaintiff appears able to articulate his claims. However, the legal issues are complex and will require a high degree of factual investigation as to Plaintiff's medical conditions. Plaintiff is unlikely able to pursue such investigation himself, as he is not a medical professional. Expert witness testimony will likely be required, as the treatment and diagnosis of Plaintiff's medical and orthopedic conditions by Defendants is in question, all of which include spinal stenosis, lumbar radiculopathy, paresthesia, cauda equina syndrome, canal stenosis with ancillary osteophytes, immobility, bowel and bladder problems, epilepsy, anxiety, and depression. Additionally, Plaintiff cannot attain and afford counsel on his own. Although there is no right to counsel in civil actions, the Court, in its discretion, finds that the appointment of pro bono counsel is warranted in this case.

For the reasons stated above, and for other good cause shown,

    **IT IS** on this 3rd day of May, 2021 **ORDERED** that:

Plaintiff's Motion for Pro Bono Counsel (ECF No. 6) is **GRANTED**.

                                                           s/ Zahid N. Quraishi
                                                   **ZAHID N. QURAISHI**
                                                   **UNITED STATES MAGISTRATE JUDGE**